IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARCUS QUIN BUTLER, <br> TDCJ No. 2353422, <br><br> Petitioner, <br><br> V. <br><br> DIRECTOR, TDCJ-CID, <br><br> Respondent. | § § § § § § § § § § § | No. 3:22-cv-1062-B-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Marquis Quin Butler was subject to nine state criminal convictions in Dallas County from 2003 through 2017. Referencing two of these convictions, F16-00115-S and F15-76598-S, Butler filed a *pro se* request for an extension of time to file a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Dkt. No. 1] (the Motion for Extension).

United States District Judge Jane J. Boyle referred the Motion for Extension to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

On May 18, 2022, the Court entered a notice of deficiency and order as to the Motion for Extension:

> Section 2255 applies only to "[a] prisoner in custody under sentence of a court established by Act of Congress." 28 U.S.C. § 2255(a). Butler does not appear to be in federal custody. His filing instead references two Dallas County convictions: F16-00115-S and F15-76598-S. *See* Dkt. No. 1 at 1. *Cf. Ex parte Butler*, WR-83,941-04, -05 (Tex. Crim. App. Feb. 24, 2021) (noting that both convictions have been discharged).
> So, despite Butler's labeling his filing as seeking relief under

Section 2255, in substance, he appears to collaterally attack state convictions. *See United States v. Elam*, 930 F.3d 406, 409 (5th Cir. 2019) ("'*[P]ro se* habeas petitions are not held to the same stringent and rigorous standards as are pleadings filed by lawyers.' Ultimately, '[i]t is the substance of the relief sought by a *pro se* pleading, not the label that the petitioner has attached to it, that determines the true nature and operative effect of a habeas filing.'" (quoting *Hernandez v. Thaler*, 630 F.3d 420, 426, 426-27 (5th Cir. 2011) (per curiam); citing *United States v. Torres*, 163 F.3d 909, 910 n.5 (5th Cir. 1999))).

And, insofar as Butler intends to collaterally attack his referenced state convictions under 28 U.S.C. § 2254, a district court generally lacks jurisdiction to grant a motion for extension where no habeas petition has been filed. *See, e.g.*, *Walker v. Director, TDCJ-CID*, No. 5:19cv1, 2019 WL 1474785, at *2 (E.D. Tex. Jan. 3, 2019) ("Section 2254 does not authorize federal courts to prospectively extend, stop or toll the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). While the limitations period contained in section 2244 is subject to equitable tolling and statutory tolling in certain circumstances, a court lacks jurisdiction to consider the timeliness of a section 2254 petition until the petition is actually filed." (citations omitted)), *rec. adopted*, 2019 WL 1468734 (E.D. Tex. Apr. 3, 2019).

Here, however, Butler's filing identifies a ground for relief, albeit vague – "a constitutional violation in the criminal process that produced his conviction/sentence." Dkt. No. 1 at 1. The Court will therefore construe Butler's filing as itself a Section 2254 habeas application. *Cf. Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) ("It is well settled that *pro se* litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.' We see no reason why the general rule should not apply to *pro se* motions filed pursuant to section 2255. Where a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under section 2255, a district court is empowered, and in some instances may be required, under *Haines[ v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam),] to treat that motion as a substantive motion for relief under section 2255." (citations omitted)); *United States v. Villegas*, Crim. No. H-03-238, 2009 WL 29687, at *1 (S.D. Tex. Jan. 5, 2009) ("In this case, Villegas filed his motion for an extension of time before he filed his section 2255 motion. His motion for an extension of time cannot be construed as a motion under section 2255 because it does not articulate grounds for relief." (citing *Green*, 260 F .3d at 83)).

Even so, "mere conclusory allegations do not raise constitutional issues in habeas proceedings." *E.g.*, *Burris v. Dir., TDCJ-CID*, No. 6:15cv1130, 2017 WL 7108081, at *3 (E.D. Tex. Oct. 11, 2018) (citing *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982); citation omitted),

> *rec. adopted*, 2019 WL 291983 (E.D. Tex. Jan. 23, 2019). Consequently, "under rule 2(c)(2) of the Rules Governing § 2254 cases, the petition for a writ of habeas corpus must 'state the facts supporting each ground' raised." *Id.* (citation omitted); *see Taylor v. Maggio*, 581 F. Supp. 359, 363 (E.D. La. 1984) ("In order to avoid summary dismissal the petition must set out specific, substantive facts that enable the Court to determine that there is a real possibility that constitutional error has been committed." (citation omitted)).
>
> But, because Butler is proceeding *pro se*, the Court will afford him an opportunity to remedy this deficiency by filing an amended Section 2254 petition ….

Dkt. No. 4 (cleaned up).

Butler responded by filing two Section 2254 petitions. *See* Dkt. Nos. 9, 10. Through both, he collaterally challenges his February 5, 2014 Dallas County convictions for stalking and for sexual assault (F12-71810-L and F12-60367-L), *see* Dkt. No. 9 at 2-4, and his January 23, 2017 convictions for failing to register as a sex offender and for sexual assault (F15-76598-S and F16-00115-S), *see* Dkt. No. 10 at 2-4.

The undersigned enters these findings of fact, conclusions of law, and recommendation that, under the circumstances here and for the reasons and to the extent set out below, the Court should dismiss the federal habeas challenges under Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rule 4).

## Legal Standards and Analysis

Habeas Rule 4 allows a district court to summarily dismiss a habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*[1]

---

[1] *See also Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) ("This rule differentiates habeas cases from other civil cases with respect to *sua sponte*

I.  **"In Custody"**

Habeas Rule 4 authorizes the Court to consider whether Butler is "in custody" under a state criminal judgment that he now challenges. If he is not, the Court lacks jurisdiction to consider his collateral challenge to that conviction. *See, e.g.*, *Claybon v. Texas*, No. 3:16-cv-2479-K-BN, 2016 WL 5793767, at *2-*3 (N.D. Tex. Aug. 29, 2016) (citing *Brown v. Wenerowicz*, Civ. A. No. 13-430, 2013 WL 2404152 (W.D. Pa. May 31, 2013); *Yuen v. Lee*, No. 3:09CV-P919-S, 2010 WL 299277 (W.D. Ky. Jan. 19, 2010)), *rec. accepted*, 2016 WL 5717532 (N.D. Tex. Sept. 28, 2016).

Under 28 U.S.C. §§ 2241(c)(3) and 2254(a), "[a] habeas petitioner may seek relief from a state court judgment only if he is '"in custody" under the conviction or sentence under attack at the time his petition is filed.'" *Rubio v. Davis*, 907 F.3d 860, 862 (5th Cir. 2018) (quoting *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)).

This jurisdictional requirement "can be satisfied by certain non-criminal judgments, including civil commitment orders." *Id.* (citing *Duncan v. Walker*, 533 U.S. 167, 176 (2001); *Francois v. Henderson*, 850 F.2d 231, 232 (5th Cir. 1988)).

And a petitioner need not be physically confined to be "in custody" for the purposes of habeas relief. *See Sinclair v. Blackburn*, 599 F.2d 673, 676 (5th Cir. 1979) ("'[I]n custody' does not necessarily mean 'in custody for the offense being attacked.'

---

consideration of affirmative defenses. The district court has the power under [Habeas] Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes)).

Instead, jurisdiction exists if there is a positive, demonstrable relationship between the prior conviction and the petitioner's present incarceration.").

But, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492; *see also Hendrix v. Lynaugh*, 888 F.2d 336, 337-38 (5th Cir. 1989) (adverse consequences of expired sentence, including possibility that conviction may be used to impeach future testimony and enhance future punishment, held insufficient to satisfy the "in custody" requirement of Section 2254).

As to the 2014 convictions, Butler received a total sentence of only three years. *See* Dkt. No. 9 at 2. And, as set out above, the Texas Court of Criminal Appeals dismissed Butler's state habeas applications concerning the 2017 convictions because each "sentence has been discharged." *Ex parte Butler*, WR-83,941-04, -05 (Tex. Crim. App. Feb. 24, 2021).

But Butler indicates that he is also in custody under a civil commitment order "until the judge/court feel like I am ready to be release[d]." Dkt. No. 10 at 4.

Indeed, Butler has been involuntarily civilly committed as a sexually violent predator under Chapter 841 of the Texas Health and Safety Code. *See generally In re Commitment of Butler*, No. 05-19-01007-CV, 2021 WL 2525508 (Tex. App. – Dallas June 21, 2021, no pet.), *aff'g* No. CV-1870003-S (282d Jud. Dist. Ct., Dall. Cnty.).

> In 2017, Butler was serving a four-year sentence for sexual assault – his second conviction for a sexually violent offense. Several months before his scheduled release, the State filed a petition in Dallas County alleging Butler was a sexually violent predator as defined by the

>  statute and sought to have him committed for treatment and supervision.
>  The case went to trial in May 2019. Three witnesses testified: an expert for the State, an expert for the defense, and Butler. After hearing the evidence, the jury found Butler was a sexually violent predator and, in accordance with the Act, the trial court ordered him committed for treatment and supervision until his behavioral abnormality has changed to the extent Butler is no longer likely to engage in a predatory act of sexual violence.

*Id.* at *1; *see also In re Commitment of Bluitt*, 605 S.W.3d 199, 201 (Tex. 2020) ("Although classified as a civil proceeding, [Chapter 841] has broad implications for the rights of those facing commitment as a sexually violent predator. The civil commitment is a supplement, not an alternative, to a prison sentence. The process of designating someone a sexually violent predator does not begin until the person is nearing the end of a prison term. And unlike the preceding prison term, the civil commitment is indeterminate. It 'begins on the person's release from a secure correctional facility and continues until the person's behavioral abnormality has changed to the extent that the person is no longer likely to engage in a predatory act of sexual violence.'" (citations omitted)).

Nevertheless, none of Butler's filings in this case indicate that he is challenging the civil commitment under Section 2254. *Compare generally In re Commitment of Butler*, 2021 WL 2525508, *with generally* Dkt. Nos. 9, 10.

But, if he was, he has yet to exhaust state court remedies as to such a challenge. That is, there is no indication that Butler has submitted the factual and legal basis of any Section 2254 claim concerning the civil commitment to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989).

Although Butler filed a direct appeal, he did not seek further review in the Texas Supreme Court, the highest state court in Texas for civil matters. *See* TEX. CONST. art. V. § 3(a). Nor does Butler show that he has sought state habeas relief related to the civil commitment. *Cf.* TEX. GOV'T CODE § 22.002(e) (providing that the Texas Supreme Court has jurisdiction to "issue a writ of habeas corpus when a person is restrained in his liberty by virtue of an order, process, or commitment issued by a court or judge on account of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case"); *Rubio v. Davis*, No. 20-20158, 2022 WL 1449702 (5th Cir. May 9, 2022) (per curiam) (affirming dismissal for failure to exhaust of Section 2254 petition challenging civil commitment under Chapter 841).

## II. Limitations

If, when he filed this federal habeas action, Butler had somehow not fully served the sentences imposed in 2017 and thus was still "in custody" under these convictions (or, even less likely, under his 2014 convictions), *compare Rubio,* 907 F.3d at 862-63, *with Stanbridge v. Scott*, 791 F.3d 715 (7th Cir. 2015), Butler's current federal-habeas challenges to his state convictions are all time barred.

While "the statute of limitations provision of the AEDPA is an affirmative defense rather than jurisdictional," a district court may dismiss a time barred Section 2254 application *sua sponte* under Habeas Rule 4. *Kiser*, 163 F.3d at 329.

But, "'before acting on its own initiative' to dismiss an apparently untimely § 2254 petition as time barred, a district court 'must accord the parties fair notice and

an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006); alteration to original).

Under the circumstances here, these findings, conclusions, and recommendation provide Butler fair notice, and the opportunity to file objections to them (further explained below) affords him a chance to present to the Court his position as to the limitations concerns explained below. *See, e.g., Ingram v. Dir., TDCJ-CID*, No. 6:12cv489, 2012 WL 3986857, at *1 (E.D. Tex. Sept. 10, 2012) (a magistrate judge's report and recommendation gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitation" (collecting cases)).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "introduced both 'simple logic' to the federal habeas landscape and uniform rules for federal courts to apply." *Wallace v. Mississippi*, ___ F.4th ___, No. 20-60098, 2022 WL 3150330, at *6 (5th Cir. Aug. 8, 2022) (quoting *Smith v. Titus*, 141 S. Ct. 982, 987 (2021) (Sotomayor, J., dissenting from denial of cert.), then citing *Day v. McDonough*, 547 U.S. 198, 202 n.1 (2006)).

"Namely, it implemented a host of greatly needed procedural requirements for petitioners seeking habeas relief." *Id.* (citing *Brown v. Davenport*, 142 S. Ct. 1510, 1524 (2022) ("In many ways, the statute represented a sea change in federal habeas law.")).

One such requirement is "the one-year period for an individual in custody pursuant to a state-court judgment to file a § 2254 petition for habeas relief" that "begins running from the latest of four events." *Id.* at *10 (citing 28 U.S.C. § 2244(d)):

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a discretionary doctrine that turns on the facts and circumstances of a particular case," *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 799 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). "[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Taking the second prong first, "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam) (citation omitted). This "prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [the litigant's] control." *Menominee Indian Tribe*, 577 U.S. at 257.[2]

But "'[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653; footnote omitted).

And a showing of "actual innocence" can also overcome AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of

---

[2] *See, e.g., Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citation omitted)).

innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the petitioner's new, reliable evidence must be enough to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329).[3]

Beginning with the 2017 convictions, *see State v. Butler*, F15-76598, F16-00115 (282d Jud. Dist. Ct., Dall. Cnty., Tex. Jan. 23, 2017), because Butler did not file direct appeals, the judgments became final for federal-limitations purposes on the thirtieth day after the state judgment was imposed that was not a Saturday, Sunday, or legal holiday – which was February 22, 2017. *See* TEX. R. APP. P. 26.2(a)(1).

And, "[b]ecause [Butler's] state habeas petition[s as to these judgments were] not filed within the one-year period" that commenced on that date, *see Ex parte Butler*, W15-76598-S(A), W16-00115-S(A) (282d Jud. Dist. Ct., Dall. Cnty., Tex.) (pets. filed Jan. 21, 2021), the petitions "did not statutorily toll the limitation clock." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (in turn citing 28 U.S.C. § 2244(d)(2))).

---

[3] *See also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted)); *Acker v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are 'extremely rare,' and relief is available only in the 'extraordinary case' where there was 'manifest injustice.'" (quoting *Schlup*, 513 U.S. at 324, 327)).

The challenges to the 2014 convictions, *State v. Butler*, F12-60367, F12-71810 (Crim. Dist. Ct. No. 5, Dall. Cnty., Tex. Feb. 5, 2014), are also time barred. *See Butler v. State*, Nos. 05-14-00276-CR, 05-14-00277-CR, 2014 WL 1022197 (Tex. App. – Dallas Mar. 17, 2014, no pet.) (dismissing appeals of judgments for want of jurisdiction); *Ex parte Butler*, WR-83,941-01, -02 (Tex. Crim. App. Nov. 4, 2015) (denying state habeas applications without written order on the findings of the trial court without a hearing).

So the challenges to these convictions under Section 2254, made through an action filed no sooner than May 6, 2022, the date of the Motion for Extension, *see* Dkt. No. 1 at 2, are years too late and should be denied as untimely under Section 2244(d)(1)(A) absent statutory or equitable tolling of the limitations period if Butler is indeed "in custody" under them.

But Butler neither relies on another provision of Section 2244(d)(1), nor advances a claim of tolling under the narrow actual innocence gateway, nor establishes either prong of equitable tolling – that he pursued his rights diligently and that an extraordinary circumstance beyond his control prevented the timely filing of the federal habeas petition.

The Court should therefore dismiss this action with prejudice as time barred insofar as Butler may be "in custody" under the state criminal judgments now challenged under Section 2254.

**Recommendation and Directions to Clerk**

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should

dismiss Petitioner Marquis Quin Butler's construed 28 U.S.C. § 2254 habeas application as amended because he is not "in custody" under the state criminal judgments he challenges or, if he is "in custody" under these judgments, because his challenges are time barred. And the Court should direct that the Clerk of Court serve any order accepting or adopting this recommendation on the Texas Attorney General.

The Clerk shall serve electronically a copy of this recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General as counsel for Respondent, directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office. *See* RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: August 24, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE